UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INNOVATIVE SPORTS,
MANAGEMENT, INC. *t/a*
INTEGRATED SPORTS MEDIA,

       Plaintiff,

  v.

ANTONIO M. NETO, *Individually and
as officers, directors, shareholders,
and/or principals of* KIMBARA,

       Defendants.

Civil Action No. 13-1497 (SRC)

OPINION

**CHESLER,** District Judge

  This matter comes before the Court upon the Motion to Strike Affirmative Defenses by Plaintiff, Innovative Sports Management, Inc. t/a Integrated Sports Media ("Plaintiff"). For the reasons stated below, the Court will grant Plaintiff's Motion.

**I. BACKGROUND**

  Plaintiff was granted exclusive nationwide commercial distribution rights to the cable televised broadcast of "International Match: Costa Rica v. Argentina," scheduled for March 29, 2011 (the "Broadcast"). Pursuant to the contract granting Plaintiff distribution rights to the Broadcast, Plaintiff entered into sub-licensing agreements with various commercial establishments for public exhibition of the Broadcast. Plaintiff alleges that Defendants unlawfully intercepted and exhibited the Broadcast at Kimbara, their restaurant. Plaintiff filed a

complaint against Defendants in this Court on March 12, 2013 asserting three claims: 1) violation of 47 U.S.C. § 605; 2) violation of 47 U.S.C. § 553; and 3) conversion.

On July 8, 2013, Defendants filed an Answer which included thirty-four (34) affirmative defenses. Plaintiff now moves to strike all 34 of Defendants' affirmative defenses and requests that attorney's fees be awarded as a sanction under Fed. R. Civ. P. 11.

## II.  LEGAL STANDARD

Motions to strike affirmative defenses are governed by Fed. R. Civ. P. 12(f), which gives the Court the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defendant is required to plead available affirmative defenses in his answer under Fed. R. Civ. P. 8(c). Parties must assert affirmative defenses "early in litigation, so they may be ruled upon, prejudice may be avoided, and judicial resources may be conserved." Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002).

A motion to strike a defense shall not be granted "unless the insufficiency of the defense is clearly apparent." Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). The Court is restrained from evaluating the merits of a defense where the factual background of a case is largely undeveloped. Id. Affirmative defenses will survive a motion to strike if, by providing sufficient facts, plaintiff is given fair notice of the nature of the defenses being asserted and a reasonable opportunity to demonstrate why the defenses should not succeed. Robinson, 313 F.3d at 136. Specifically, defenses that are "nothing more than bare bones conclusory allegations can be stricken." F.D.I.C. v. Modular Homes, Inc., 859 F.Supp. 117, 120-21 (D.N.J. 1994).

## III.  DISCUSSION

### A.  Striking Defendants' Affirmative Defenses

Plaintiff makes three arguments in support of its motion to strike: (1) Defendants' affirmative defenses are each legally insufficient because they are boilerplate assertions that provide no factual support or notice; (2) the affirmative defenses have no possible relation to the present controversy; and (3) the affirmative defenses are objectively improper and will prejudice Plaintiff.

The 34 affirmative defenses asserted by Defendants are patently insufficient and are not evidently applicable to the claims asserted by Plaintiff. Defendants failed to provide any, let alone sufficient, factual background to support any of the affirmative defenses asserted, and instead listed each defense in a formulaic fashion. For example, Defendant merely asserts the single words, "laches," "license," "payment," and "release" as individual affirmative defenses, with no explanation or additional information whatsoever. The absence of any supporting or explanatory facts accompanying each affirmative defense affords no notice whatsoever to Plaintiff and makes it impossible for Plaintiff to adequately respond. See Robinson, 313 F.3d at 316.

Further, none of the affirmative defenses asserted by Defendants relate in any way to the strict liability Communications Act or conversion counts alleged by Plaintiff. Defendants additionally assert defenses that directly contradict each other or deal with unrelated subject matter. For example, Defendants' twenty-second and twenty-third defenses argue "lack of personal jurisdiction" and "improper venue," but Defendants' Answer states affirmatively that the Court has personal jurisdiction over Defendants and that venue in this Court is proper. The Answer also asserts three affirmative defenses related to negligence, despite the fact that Plaintiff's Complaint contains no allegations of negligence. The defenses are clearly insufficient

as they have no comprehensible relationship to this dispute, but only serve to confuse the issues here.  See Cipollone, 780 F.2d at 188.

Affirmative defenses that will "substantially complicate the discovery proceedings" prejudice a plaintiff enough to justify granting a Rule 12(f) motion to strike.  F.T.C. v. Hope Now Modifications, LLC, Civ. No. 09-1204 (JBS/JS), 2011 WL 883202 at *4 (D.N.J. Mar. 10, 2011) (quoting La. Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp., 53 F.R.D. 458, 460 (D. Del. 1971)).  Plaintiffs risk substantial prejudice by having to expend additional time, energy, and money on irrelevant and extensive discovery necessary to research each insufficient and improper affirmative defense.  See Robinson, 313 F.3d at 137.  Allowing the details of Defendants' asserted affirmative defenses to be sorted out during discovery would ultimately result in extensive guesswork as to the nature and scope of each defense as well as unnecessary expenditures and motions.  Defendants' 34 affirmative defenses must thus be stricken to avoid prejudice to Plaintiff.

### B. Rule 11 Sanctions

The Federal Rules of Civil Procedure provide protections against a defendant asserting frivolous defenses.  While the Third Circuit does not require specificity in pleading affirmative defenses, "Rule 11 therefore is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation.'"  Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d. Cir. 1986).  A defendant asserting frivolous pleadings or defenses thus may be subject to sanctions under Rule 11.  Id.; Cinema Serv. Corp. v. Edbee Corp., 774 F.2d 584, 586 (3d. Cir. 1985).

Rule 11 sanctions are not warranted here.  While the court possesses the inherent authority to assess attorney's fees as a sanction for frivolous conduct, such authority should be

exercised only in exceptional circumstances.  Ford Motor Co. v. Summit Motor Prods., 930 F.2d 277, 289 (3d Cir. 1991).  While Defendants' conduct is not to be condoned, it does not reach the level of unreasonableness necessary for sanctions.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Strike Defendants' Affirmative Defenses.

                                                   s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER, U.S.D.J.

Dated: November 1, 2013